1

2

3

4

5

6                           IN THE UNITED STATES DISTRICT COURT

7                               FOR THE DISTRICT OF ARIZONA

8

9   Sean Del Morris,                    )     No. CIV 05-0328-PHX-NVW (GEE)
                                          )
10              Petitioner,              )     **REPORT AND**
                                          )     **RECOMMENDATION**
11  vs.                                   )
                                          )
12  Dora B. Schriro, et al.,             )
                                          )
13              Respondents.             )
                                          )
14  _____ )

15

16          On December 22, 2004, Sean Del Morris, an inmate confined in the Arizona State Prison

17  Complex in Douglas, AZ, filed a pro se Petition for Writ of Habeas Corpus pursuant to Title 28,

18  United States Code, Section 2254.  (Petition.);  [#1][1]   The petitioner asserts the following

19  grounds for relief: (1) the evidence was insufficient for felony-murder; (2) the prosecution's

20  sole eyewitness committed perjury;  (3) the trial judge applied the wrong burden of proof; and

21  (4) the trial judge gave erroneous jury instructions.  *Id.*  Before the court are the Petition for

22  Writ of Habeas Corpus, the respondents' Answer and the petitioner's Reply.

23          Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate

24  Judge Edmonds for report and recommendation. The Magistrate Judge recommends the District

25  Court, after its independent review of the record, enter an order dismissing the Petition for Writ

26  of Habeas Corpus.  It is time-barred.

27  _____

28          [1] Clerk's record number.

1

2     <u>Summary of the Case</u>

3        Morris was convicted after jury trial of first-degree felony murder and armed robbery.

4 (Respondents' Answer, Exhibit A.) The court sentenced Morris to life imprisonment for the

5 felony murder and seven and one-half years' imprisonment for the armed robbery, the sentences

6 to run concurrently. *Id.*

7        Morris appealed his convictions and sentences. *Id.* He argued (1) the trial court erred

8 in explaining to the jury why his interview with the police was edited; (2) the reasonable doubt

9 instruction was constitutionally deficient; (3) the trial court erred in not admitting certain

10 portions of the defendant's videotaped statement to police pursuant to Ariz. R. Evid. 106. *Id.*

11 The court of appeals affirmed Morris' convictions and sentences. *Id.* The Arizona Supreme

12 Court denied review on October 26, 1999. (Respondents' Answer, Exhibit B.)

13        On May 27, 1999, Morris filed a notice of post-conviction relief. (Respondents' Answer,

14 Exhibit C.) Morris argued, inter alia, that the evidence introduced at trial was insufficient and

15 his trial counsel was ineffective. *Id.*, Exhibit D. The trial court denied the petition on

16 September 1, 2000. *Id.* Morris did not appeal. *Id.*, Exhibit E.

17        On June 14, 2004, Morris filed a Petition for Writ of Habeas Corpus with the Arizona

18 Supreme Court. *Id.*, Exhibit G. The court denied the petition on July 14, 2004. *Id.* Morris

19 filed a motion for reconsideration which the court denied on September 29, 2004. *Id.*

20        On December 22, 2004, Morris filed the instant Petition for Writ of Habeas Corpus

21 pursuant to Title 28, United States Code, Section 2254. (Petition.) The respondents filed a

22 Motion to Dismiss on March 23, 2005, arguing the petition was time-barred. This court issued

23 an order to show cause asking why the respondents filed a dispositive motion rather than an

24 Answer as the court had previously instructed. The respondents filed a response asking that the

25 motion be redesignated an Answer provided the court would allow them to amend that Answer

26 if the court rejected their statute of limitations argument. Pursuant to court order, the Motion

27 to Dismiss was redesignated an Answer. Morris filed a reply on May 23, 2005.

28

1

2          <u>Discussion</u>

3          The writ of habeas corpus affords relief to persons in custody in violation of the

4    Constitution or laws or treaties of the United States.  28 U.S.C. § 2241.  The petition for writ

5    of habeas corpus must be filed within the applicable statute of limitations or it will be dismissed.

6    *Id.*  The statute of limitations reads in pertinent part as follows:

7          (1)    A 1-year period of limitation shall apply to an application for a writ of
                  habeas corpus by a person in custody pursuant to the judgment of a State
8                 court.  The limitation period shall run from the latest of--

9                 (A)    the date on which the judgment became final by the conclusion of
                         direct review or the expiration of the time for seeking such review;
10

11                                       *   *   *

12
           (2)    The  time  during  which  a  properly  filed  application  for  State
13                post-conviction or other collateral review with respect to the pertinent
                  judgment or claim is pending shall not be counted toward any period of
14                limitation under this subsection.

15    28 U.S.C. § 2244(d).

16          The instant issues were discoverable at the time of trial.  Accordingly, the statute of

17    limitations for this petition is determined by section 2244(d)(1)(A).  Morris' judgment became

18    final on January 24, 2000, after his appeal to the Arizona Supreme Court was denied (October

19    26, 1999) and after the time for filing a petition with the U.S. Supreme Court had passed (90

20    days).  *See Spitsyn v. Moore*,  345 F.3d 796, 798 (9th Cir. 2003).  The statute of limitations did

21    not begin to run immediately, however, because Morris' petition for post-conviction relief was

22    pending at this time.  *See* 28 U.S.C. §§ 2244(d)(2).  Tolling continued until the petition was

23    denied on September 1, 2000.  *See Welch v. Carey*, 350 F.3d 1079, 1083 (9th Cir. 2003), *cert.*

24    *denied*, 541 U.S. 1078 (2004).  The one-year statute of limitations began to run on September

25    2, 2000, and ended on Tuesday, September 4, 2001.  *See Spitsyn*,  345 F.3d at 798; *Smith v.*

26    *Duncan*, 297 F.3d. 809, 813 (9th Cir. 2002); FED.R.CIV.P. 6(a) (The 1st was a Saturday, the 2nd

27    was a Sunday and the 3rd was Labor Day.).  The instant petition was filed on December 22,

28    2004.  It is time-barred.

1    Morris argues he is entitled to statutory tolling during the period of time that his habeas

2    petition was before the Arizona Supreme Court.  (Reply.)  This petition, however, was not filed

3    until June 14, 2004.  By that time, his one-year limitations period had already expired.

4    Morris further argues there is no statute of limitations for the filing of a petition for writ

5    of habeas corpus in state court.  *Id.*  This may be so, but the state's limitations rule does not

6    affect the federal statute of limitations in 28 U.S.C. § 2244(d).  *Ferguson v. Palmateer*,  321

7    F.3d 820, 823 (9th Cir. 2003), *cert. denied*, 540 U.S. 924 (2003).  The federal limitations period

8    is not renewed even if the petitioner files a timely state petition for post-conviction relief. *Id.*

9

10    RECOMMENDATION

11    The Magistrate Judge recommends that the District Court, after its independent review

12    of the record, enter an order

13

14    DISMISSING the Petition for Writ of Habeas Corpus. [#1]

15

16    Pursuant to 28 U.S.C. §636 (b), any party may serve and file written objections within

17    10 days of being served with a copy of this report and recommendation.  If objections are not

18    timely filed, they may be deemed waived.  If objections are filed, the parties should use the

19    following case number:  CIV 05-0328-PHX-NVW.

20    The Clerk is directed to send a copy of this report and recommendation to the petitioner

21    and the respondents.

22    DATED this 26th day of October, 2005.

23

24

25

26    _____

          Glenda E. Edmonds

27          United States Magistrate Judge

28